UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Deborah Laufer,<br><br>    Plaintiff,<br><br>v.<br><br>Petrus J. Pienaar and Angela M. Lien<br>d.b.a. Sleepy Hollow Motel,<br><br>    Defendants. | CIVIL ACTION NO. 20-cv-683-slc<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

## INTRODUCTION

Defendants Petrus J. Pienaar and Angela M. Lien recognize the Court has issued a Text Only Order requiring Plaintiff Deborah Laufer to show cause, no later than September 24, as to why her Complaint should not be dismissed for lack of standing. Said Order also provides Defendants an opportunity to respond to same, if necessary. Defendants serve and file the present Motion pursuant to Rule 12(a)(A)(1) and (b)(1) in order to preserve certain affirmative defenses and to comply with the time restrictions for responsive pleadings. Defendants recognize there may be no need to proceed with the Motion if Plaintiff fails to show cause in response to the Court's Order, which Defendants expect to be the case.

Subject to the foregoing, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety because Plaintiff lacks standing to bring her claim for injunctive relief and

attorneys' fees under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA").[1]

Plaintiff lacks standing because there is no real or imminent threat of future injury. Plaintiff has not visited nor does she intend to actually visit the motel in question. Thus, Plaintiff's claim of a future injury is merely hypothetical and conjectural. Accordingly, she lacks the requisite standing to seek injunctive relief under 42 U.S.C. § 12188 and/or 28 C.F.R. § 36.501. Without standing, Plaintiff's claims are subject to dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion tests the sufficiency of the complaint. *See Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (citing *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996)). "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Burwell*, 770 F.3d at 588 (quoting *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002)). However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588–89 (citing *Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987)).

---

[1] As a threshold matter, Defendants note that Plaintiff's Complaint is deficient because it fails to name an indispensable party. Defendants are not the legal operators of the motel at issue in this case as the motel is owned and operated by a properly formed and active business entity. Thus, Defendants request that the Court dismiss this suit against them, or at the very least order that the business entity be substituted for Defendants.

2

**ARGUMENT**

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiff's claims due to Plaintiff's lack of standing to assert claims for injunctive relief and attorney fees under Title III of the ADA.

"The doctrine of standing imposes a non-negotiable limit on the power of a federal court. It is rooted in Article III, which limits a federal court's power to the resolution of 'Cases' or 'Controversies.'" *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019) (citing U.S. CONST. art. III, § 2). "Because the standing requirement enforces a constitutional restraint on the judicial power, federal courts must 'always require[ ] that a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit' before proceeding to the merits of a claim." *Carello*, 930 F.3d at 833 (quoting in part *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). "To establish Article III standing, an injury-in-fact must be 'concrete and particularized,' meaning it 'must affect the plaintiff in a personal and individual way.'" *Access Living of Metro. Chicago v. Uber Techs., Inc.*, 958 F.3d 604, 613 (7th Cir. 2020) (quoting in part *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 & n. 1 (1992)). "The alleged injury also must be 'actual or imminent, not conjectural or hypothetical.'" *Access Living*, 958 F.3d at 613 (quoting in part *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)).

"Even more, a plaintiff…who seeks injunctive relief may do so only upon alleging a 'real and immediate threat' of a future injury." *Access Living*, 958 F.3d at 613 (citing *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013); *Carello*, 930 F.3d at 833). "Allegations that convey but a 'possible future injury are not sufficient,' *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013)

(internal quotations omitted), because that makes any injury merely 'conjectural or hypothetical.' *Friends of the Earth*, 528 U.S. at 180." *Access Living*, 958 F.3d at 613.

> I. PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF BECAUSE ANY FUTURE INJURY IS MERELY CONJECTURAL AND HYPOTHETICAL.

"To establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights." *Scherr*, 703 F.3d at 1074 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). In the ADA context, if a plaintiff fails to establish a real and immediate threat of future violations then the plaintiff lacks standing because injunctive relief is the only remedy available under the ADA. *See Access Living*, 958 F.3d at 613; *Scherr*, 703 F.3d at 1074; *Carello*, 930 F.3d at 835–36. Moreover, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future.'" *Scherr*, 703 F.3d at 1074 (quoting in part *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

Here, Plaintiff has failed to satisfy her burden to show she has any intention or plan to visit the Sleepy Hollow Motel in northwestern Wisconsin. All Plaintiff alleges in the Complaint is that she, a Florida resident, intends to visit websites to test compliance with Title III of the ADA. Plaintiff does not allege that she has frequented northwestern Wisconsin or that she has any familial or social connections that would lead her to avail herself of the motel lodging in question. Thus, Plaintiff's Complaint lacks allegations of any real or immediate threat of a future violation of the ADA, and Plaintiff lacks standing to commence this action.

In *Scherr*, the Seventh Circuit had occasion to address standing in a case involving claims under Title III of the ADA against a hotel/motel. 703 F.3d at 1074. There, the plaintiff had actually

4

visited and stayed at Marriot's Overland Park Courtyard property. *Id.* at 1074–75. Said property was in close proximity to where members of her family lived and was ideal for her planned visit to the area for her cousin's then-upcoming wedding. *Id.* The *Scherr* court concluded the plaintiff had a sufficient connection to the Overland Park Courtyard Marriot to satisfy her burden to show there was a "real and imminent" threat of future injury. *Id.*

At the same time, however, the *Scherr* court rejected the plaintiff's request for injunctive relief against fifty-six (56) other Marriotts that had allegedly committed the same ADA violation on the basis that she lacked a sufficient connection to those other properties (i.e. any potential visit and associated violation was too hypothetical and attenuated to confirm standing). *Id.* Essentially, the plaintiff failed to establish that she had genuine intentions to visit the other fifty-six (56) Marriotts. *See Id.* The *Scherr* court concluded that a plaintiff pursuing injunctive relief under Title III of the ADA must actually be likely to visit the hotel/motel in question. *Id.*

In this case, Plaintiff has alleged no connection to the motel property she complains violated Title III of the ADA. Plaintiff has not alleged to have ever been to northwestern Wisconsin, nor does she contend to have any other connection to the motel operation she complains of. Her alleged injury is purely hypothetical because, based on the allegations in the Complaint, she has no actual intention of ever traveling to the area, let alone staying at the subject place of lodging.  Plaintiff's connection to the motel in this case is akin to the Plaintiff's connection to the other fifty-six (56) Marriotts in *Scherr* (i.e. she lacks any genuine connection that would confer standing on her). Here, like in *Scherr*, the Court should rule that Plaintiff lacks standing to pursue her Title III claim for injunctive relief.

> II.     PERSUASIVE AUTHORITY FROM OTHER FEDERAL COURTS FURTHER DEMONSTRATES THAT PLAINTIFF'S SUIT SHOULD BE DISMISSED FOR LACK OF STANDING.

In addition to the *Scherr* case, there are several persuasive cases from other federal courts that support dismissal of Plaintiff's Complaint. For example, in *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7–9 (N.D. Cal. Feb. 16, 2017), the plaintiff alleged that Marriott's practices and website were in violation of Title III of the ADA. Specifically, the plaintiff in *Barnes* claimed, among other things, that Marriott's website violated 28 C.F.R. § 36.302(e), which is the exact same provision relied on by Plaintiff in this case. *Id.* The *Barnes* court held that the plaintiff lacked standing because she was only able to show that she may "some day" return to the hotel. *Id.* at *8*. The *Barnes* court correctly concluded that any future injury was speculative and hypothetical because the plaintiff in *Barnes* could not demonstrate a genuine plan to return to the hotel where she allegedly faced discrimination. *Id.*

Here, Plaintiff alleges no desire or plan to avail herself of the lodging motel at issue. Indeed, Plaintiff has even less of a connection to the motel in question than the plaintiff in *Barnes* as that plaintiff had actually visited the Marriott, whereas Plaintiff has never been to northern Wisconsin or visited the motel she is attempting to sue. Thus, Plaintiff's standing argument is even weaker than the plaintiff had in *Barnes*, and that was deemed insufficient by a sister court. As a result, the Court should conclude Plaintiff lacks standing to litigate her ADA claims in this court.

In addition to the foregoing, the recent decision in *Harty v. W. Point Realty, Inc.*, No. 19 CV 8800 (VB), 2020 WL 4570595, at *4 (S.D.N.Y. Aug. 7, 2020), is instructive. In that case, the court dismissed for want of standing a complaint that posits virtually the exact same

allegations as in this case. *Id.* There, a New York federal district court concluded that generically stating the plaintiff intends to return to test a lodging's website without an actual intent to avail him/herself of the lodging services is insufficient to confer standing. *Id.* Here, Plaintiff posits the exact same testing argument that was rejected by the *Harty* court. Thus, Plaintiff's Complaint should be similarly dismissed.

Finally, at least one federal court has *sua sponte* questioned Plaintiff's ability to meet the jurisdictional standing requirements. In *Laufer v. Laxmi & Sons*, LLC, No. 1:19-CV-01501 (BKSML), 2020 WL 2200207, at *1–5 (N.D.N.Y. May 6, 2020), the court ordered this Plaintiff to file briefs on the issue of standing because it was apparent to the court that standing was and is an issue. In addition to requiring briefing in that case, the *Laufer* court issued a similar show cause order in twenty-nine (29) similar cases that had been filed in the district. *See Id.* at n. 5. The order in *Laufer* not only highlights the obvious standing deficiencies in these types of serial tester cases, but actually shows that this Plaintiff is not raising genuine claims for injunctive relief under Title III of the ADA. Therefore, Defendants request that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(1). Plaintiff lacks standing to seek injunctive relief under Title III of the ADA and thus dismissal is the appropriate result.

Dated: September 18, 2020

HANFT FRIDE
A Professional Association

By: s/Scott A. Witty
Scott A. Witty, Attorney Registration No. 1088259
Attorneys for Defendants
1000 U.S. Bank Place
130 West Superior Street
Duluth, MN 55802-2094
P: 218/722-4766
F: 218/529-2401
saw@hanftlaw.com

8

034443\782223.v1-9/18/20