UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Case No. 3:20-cv-683-SLC

DEBORAH LAUFER, individually,

    Plaintiff,

v.

PETRUS J. PIENNAR and ANGELA M. LIEN,
dba SLEEPY HOLLOW MOTEL

    Defendants.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

Plaintiff, by and through undersigned counsel, hereby files this Memorandum in

Opposition to Defendant's Motion to Dismiss.

**I.       Plaintiff Incorporates By Reference Her Prior Memorandum**

On September 16, 2020, at DE 4, Plaintiff filed her Memorandum In Response to the Order

of this Court ("Standing Memorandum") requiring that she do so to explain her basis for standing.

For the reasons and authorities set forth in that Memorandum, incorporated herein by reference as

if set forth fully hereunder, Plaintiff submits that she has standing.

**II.      Additional Cases Cited By Defendant Are Unavailing**

Defendant cites several cases not addressed in Plaintiff's Standing Memorandum. At p. 6

of its Brief, Defendant cites _Barnes v. Marriott Hotel Servs., Inc_., 2017 U.S. Dist. Lexis 22588

(N.D. Cal. 2017), and represents that the court therein dismissed a hotel online reservation claim

on the basis that the plaintiff had no intention of visiting the subject hotel. Defendant misreads the

case. Barnes had filed multiple claims against the hotel: one for online reservation violations,

another for physical barriers he allegedly encountered when he visited the physical hotel, and another claim for the hotel's having a discriminatory telephone reservations system. The court addressed the three claims in separate sections and Defendant improperly conflates the separate holdings. The court's holding regarding the plaintiff's return to the physical hotel pertained to his claims regarding the violations present at the physical premises. *Id*. at \*25. This analysis is not contained in the separate section addressing the plaintiff's online reservation claims. Rather, the court held that the plaintiff had failed to show how the defendant's online reservations system violated the ADA. *Id*. at \*\*27-32, 36.

At p. 6 of its Brief, Defendant cites *Harty v. West Point Realty, Inc*., 7:19-cv-8800-VB, DE 29 (S.D. N.Y. 8/7/20). This case was appealed to the United States Court of Appeals for the Second Circuit, No. 20-2672. The briefs have not yet been submitted in that case. Plaintiff submits that the *Harty* decision is based on reversible error for several reasons.

First, the *Harty* court refused to consider Harty's affidavit and therefore ignored the evidence submitted by the plaintiff that he intended to visit the area and needed to stay in hotels. *Id*. at 8-9. By contrast, this Court can consider Laufer's affidavit on the same point. Additionally, the court acknowledged that the plaintiff had pled that he intended to revisit the hotel's ORS to test it for compliance "and/or to utilize the website to reserve a guest room and otherwise avail himself of the ... accommodations of the Property." *Id*. p. 7. Despite this acknowledgment, the court then stated that: "The complaint's allegations, taken as true, suggest only that plaintiff intends to return to the online reservation systems to test for statutory violations of the ADA visà-vis 28 C.F.R. § 36.302(e)(1)." *Id*. at 7. Thus, the *Harty* court refused to consider evidence and ignored the allegation that Harty intended to stay in area hotels. This stands in stark contrast to the

present instance, where Laufer submitted an affidavit indicating her visits to New York and stay

in hotels. DE 14-1, para. 5.

The *Harty* court also committed reversible error when it held that the allegations did not

show the plaintiff's "plausible intention or desire to return" to the websites but for the barriers to

access. *Id*. at 7. In this regard, the court made an improper credibility determination, in violation

of the standards discussed in *Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 87 (2nd

Cir. 2013)(where the jurisdictional disputed is interwoven with the underlying merits, the court

must apply the standards of Rule 56 or 12(b)(6) and cannot make a credibility determination.)

Moreover, in contrast to the *Harty* case, Laufer presented an affidavit which explained her system

of maintaining a list of all hotels she has sued, marking the dates she visits the ORS of each, then

revisits the same shortly after the case is filed, and again when the time arrives for the hotel's ORS

to be required to be compliant. DE 14-1, at para. 8. Under *Parks v. Richard*, 2020 U.S. Dist. Lexis

86790, at *7 (M.D. Fla. 2020), such a system of rechecking suffices to establish standing on this

point.

The *Harty* court also held that plaintiff failed to "set forth any allegations suggesting

[Harty's] ability to" visit the websites. Id. at 7-8. In this regard, the court demonstrated a complete

misunderstanding of the nature of ORS discrimination. This was not a claim based on compatibility

with screen reader software, where a vision impaired individual thus has difficulty in reviewing a

commercial website. By contrast, an ORS case involves the failure of a hotel to provide the

information that is required by the Regulation. The ability to navigate the ORS is not relevant.

Moreover, the *Harty* Court's reasoning is flawed in light of the plain language of the Statute

and Regulation and the weight of authorities cited in Plaintiff's Standing Memorandum. The Harty

Court failed to properly apply Supreme Court authorities or the rules of statutory construction.

At p. 7 of its Brief, Defendant cites *Laufer v. Laxmi & Sons, LLC*. However, *Laxmi* issued no ruling that Laufer lacks standing, but merely ordered Laufer to file a memorandum on the subject.

## III.    Conclusion

For the reasons set forth above in addition to Plaintiff's Standing Memorandum, Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

Attorney for Plaintiff

Kathy L. Houston, Esq., Of Counsel
THOMAS B. BACON, P.A.
15321 S. Dixie Highway, Suite 205
Miami, FL 33157
Tel:  305-420-6609
Fax: 786-441-4416
Email: CourtDocs@HoustonLawFL.com

By:            /s/ *Kathy L. Houston*            .
Kathy L. Houston, Esq.
Florida Bar No. 56042

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that the foregoing document is being served this 4th day of October, 2020, on all counsel of record via the Court's CM/ECF system.

/s/    *Kathy L. Houston*                .
Kathy L. Houston, Esq.